UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BRADLEY D. BEUTLER

         Plaintiff,

v.                   Civil Action No. _____

LAW OFFICES OF STEVEN COHEN, LLC. And
VELOCITY INVESTMENTS, LLC.,

         Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Bradley D. Beutler, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Law Office of Steven Cohen, LLC, (hereinafter "Cohen") is domestic professional service limited liability company organized and existing under the laws of the State of New York, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Velocity Investments, LLC, (hereinafter "Velocity") is foreign limited liability company organized and existing under the laws of the State of New Jersey, and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendants, and each of them, regularly attempt to collect debts alleged to be due another.

8. The acts of the Defendants and each of them, alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. All references to either Defendant herein shall mean the Defendant or an employee of the Defendant.

10. That at all relevant time herein, Cohen acted as agent-in-fact for Velecity, and acted within the scope of their agency.

## IV. FACTUAL ALLEGATIONS

11. That upon information and belief, Bradley D. Beutler, allegedly incurred a debt to Household Bank This debt will be referred to as "the subject debt."

12. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

13. That upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C. §1692a(5).

14. That upon information and belief, after Bradley D. Beutler allegedly defaulted on the subject debt, the account was transferred or assigned to Defendant Velocity, who thereafter employed Defendant Cohen to attempt to collect the subject debt.

15. That on or about August 30, 2006 Defendant filed a lawsuit in Buffalo City Court against Plaintiff. A default judgment against the Plaintiff was entered on October 24, 2006.

16. Plaintiff was never served with the summons and complaint for the above referenced lawsuit.

17. On or about March 2016, Plaintiff first became aware of the Judgment as his wages began to be garnished pursuant to the Buffalo City Court judgment in favor of Velocity.

18. On or about July 2016, Plaintiff retained the Law Office of Kenneth Hiller PLLC to assist him in vacating the judgment in Buffalo City Court.

19. In or about July 7, 2016, Plaintiff filed a motion in Buffalo City Court to vacate the Velocity judgment.

20. In or about August 2, 2016, Defendant who appeared at the oral argument was notified at the motion hearing by Judge Calvo-Torres that the Court granted the motion to vacate the default judgment.

21. In or about August 5, 2016, the Order to vacate the default judgment was signed by Judge Betty Calvo-Torres in Buffalo City Court.

22. On or about August 9, 2016, Defendant Cohen was sent a letter that notified that the judgment was vacated and which also enclosed a copy of the executed Order vacating the default judgment.

23. Despite being informed that the judgment was vacated, Defendants continued to garnish Plaintiff's pay.

24. Defendants have not returned all the monies, including any sheriff's poundage to the Plaintiff despite the Velocity judgment being vacated.

25. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

26. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 25 above.

27. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(20), 15 U.S.C. §1692f, 15 U.S.C. §1692f(1) and 15 U.S.C. §1692f(6) by illegally continuing to garnishing Plaintiff's wages despite there being no judgment in place.

    B. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(20), 15 U.S.C. §1692f, 15 U.S.C. §1692f(1) and 15 U.S.C. §1692f(6) by failing to refund the Plaintiff all the previous funds taken via garnishment of his wages pursuant to the Velocity judgment that was vacated in Buffalo City Court.

28. That Defendant Velocity is vicariously liable for the tortious acts of Defendant Cohen described herein pursuant to the laws of agency and otherwise.

29. That as a result of the Defendants' FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 7, 2016

/s/ Seth J. Andrews
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com